ORIGINAL

DAVID J. BILLINGS (Bar No. 175383)
  djb@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
707 Wilshire Boulevard
Suite 4000
Los Angeles, California 90017-3623
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

Attorneys for Assignee of Record, FEDERAL INSURANCE COMPANY

FILED 2016 APR 11 PM 3:52 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:10-CR-01066-PSG |
| --- | --- |
| Prosecutor, | Assigned to Hon. Philip S. Gutierrez, Courtroom 880 |
| vs. | Action Filed: September 23, 2010 |
| GUADALUPE CHEVEZ, | **ACKNOWLEDGMENT OF ASSIGNMENT OF ABSTRACT OF JUDGMENT AND ORDER FOR RESTITUTION** |
| Defendant. | |

On August 2, 2012, Defendant Guadalupe Chevez ("CHEVEZ") was convicted of a crime that entitles the victim to restitution.

On or about August 2, 2012, the Honorable Philip S. Gutierrez ordered CHEVEZ to pay restitution in the above-referenced action in the amount of $922,032.22. CHEVEZ to be jointly and severally liable with co-participant Jerry Montanez Meza to the victim, the law firm of Reed Smith LLP, in the amount of $345,921.65. A true and correct copy of the Court's Judgement and Probation/Commitment Order is attached hereto as **Exhibit "A"** and incorporated by this reference.

The name and address of the victim is Reed Smith LLP, whose address is: Reed Smith LLP, Attn. Jon P. Pingree, 101 Second Street, Suite 1800, San Francisco, CA 94105.

The last known residential address of CHEVEZ, is as follows:

Guadalupe Chevez
8444 Melvin Ave.
Northridge, CA 91324

1  CHEVEZ was committed to the custody of the Bureau of Prisons to be imprisoned for a
2  term of 24 months. CHEVEZ was released on May 16, 2014. A copy of this Acknowledgment of
3  Assignment of Abstract of Judgment and Order for Restitution is being served on CHEVEZ.
4  Reed Smith LLP HEREBY ACKNOWLEDGES that it has assigned all rights, title, and
5  interest in the Abstract of Judgment and Order for Restitution to FEDERAL INSURANCE
6  COMPANY, located at P.O. Box 1616, 15 Mountain View Road, Warren, New Jersey 07059, and
7  may be reached through its counsel, David J. Billings and the law offices of Anderson, McPharlin
8  & Conners, LLP, located at 707 Wilshire Blvd., Suite 4000, Los Angeles, CA 90017, (213) 688-
9  0080. Attached hereto as **Exhibit "B"** is a true and correct copy of the Assignment.

10
11  DATED: March 28, 2016          REED SMILTH LLP
12
13
14                                 By: _____
15                                 Title: Senior Risk Manager
16
17  Submitted by:
18  Anderson, McPharlin & Conners, LLP
19
20  By _____
    David J. Billings
21  Attorneys for Assignee FEDERAL INSURANCE COMPANY
22
23
24
25
26
27
28

# United States District Court
## Central District of California

JS-3

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA vs. | | Docket No. | CR 10-1066-PSG |
| Defendant | GUADALUPE CHEVEZ | Social Security No. | 2  7  9  5 |
| akas: | NONE | (Last 4 digits) | |

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 08 | 01 | 12 |

**COUNSEL**  RTND Kenneth Lewis
(Name of Counsel)

**PLEA**  [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.  [ ] NOLO CONTENDERE  [ ] NOT GUILTY

**FINDING**  There being a finding/verdict of **GUILTY**, defendant has been convicted as charged of the offense(s) of:

Mail Fraud, in violation of Title 18 U.S.C. §1341, as charged in Counts 1 and 2 of the Information.

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

**24 months.**

It is ordered that the defendant shall pay to the United States a special assessment of $200, which is due immediately.

It is ordered that the defendant shall pay restitution in the total amount of $922,032.22 pursuant to 18 U.S.C. § 3663A.

The amount of restitution ordered shall be paid as set forth on the list attached to this judgment. If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.

It is ordered that restitution in the amount of $50,000 be due today, and restitution in the amount of $75,000 be due before the surrender date.

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least $2,500 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision.

---

CR-104 (03/11)  **JUDGMENT & PROBATION/COMMITMENT ORDER**  Page 1

| USA vs. GUADALUPE CHEVEZ | Docket No.: CR 10-1066-PSG |
|---|---|

The defendant shall be held jointly and severally liable with co-participants for the amount of restitution ordered in this judgment. The victims' recovery is limited to the amount of their loss, and the defendant's liability for restitution ceases if and when the victims receive full restitution.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall comply with General Order No. 01-05.

All fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

The court has entered a money judgment of forfeiture against the defendant, which is hereby incorporated by reference into this judgment, and is final.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years. This term consists of three years on each of Counts 1 and 2 of the Information, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 05-02;

2. During the period of community supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

3. The defendant shall cooperate in the collection of a DNA sample from the defendant; and

4. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgements and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

It is further ordered that the defendant surrender herself to the institution designated by the Bureau of Prisons on or before 12 noon, on **August 22, 2012**. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California, 90012.

| USA vs. | GUADALUPE CHEVEZ | Docket No.: | CR 10-1066-PSG |
|---|---|---|---|

The Forfeiture Count is dismissed.

The bond is hereby exonerated upon surrender.

The Court recommends that the defendant be designated to a Southern California facility.

The defendant is advised of the right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| 08/02/12 | _[signature]_ |
|---|---|
| Date | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| 08/02/12 | By | Wendy Hernandez |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

While the defendant is on probation or supervised release pursuant to this judgment:

| USA vs. GUADALUPE CHEVEZ | Docket No.: CR 10-1066-PSG |
|---|---|

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

| USA vs. GUADALUPE CHEVEZ | Docket No.: CR 10-1066-PSG |
|---|---|

[X] The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

### SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| CR-104 (03/11) | JUDGMENT & PROBATION/COMMITMENT ORDER | Page 5 |
|---|---|---|

USA vs. GUADALUPE CHEVEZ                    Docket No.:  CR 10-1066-PSG

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____      By _____
Date                             Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____      By _____
Filed Date                       Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
          Defendant                              Date


_____                    _____
U. S. Probation Officer/Designated Witness    Date

## ASSIGNMENT OF RESTITUTION ORDERS AND RIGHTS TO PAYMENTS THEREUNDER

WHEREAS, Reed Smith LLP is the named insured, (hereinafter called "REED SMITH") under a Crime Insurance Policy for Law Firms, Policy No. 6800-1969, issued by FEDERAL INSURANCE COMPANY; and

WHEREAS, said Policy agreed to indemnify REED SMITH among other things for direct losses sustained as a result of Employee Theft subject to a $10,000,000 limit of liability and a $150,000 retention; and

WHEREAS, REED SMITH has stated it sustained a loss in the total amount of $357,621.65 due to theft by Jerry Meza (former employee of Reed Smith), Guadalupe Chevez (owner of office supply vendor, Xpress Supplies) and Sergio Saldana (former employee of Reed Smith).

NOW, THEREFORE, in consideration of monies paid by FEDERAL INSURANCE COMPANY to REED SMITH in the amount of $207,621.65, REED SMITH assigned and transferred all of its rights and remedies arising from the theft by Jerry Meza, Guadalupe Chevez and Sergio Saldana by way of a notarized Assignment dated August 21, 2013. Further, REED SMITH assigned its rights to sue, collect, receipt for, compromise and settle in the name of REED SMITH or FEDERAL INSURANCE COMPANY.

A criminal restitution order was entered against Guadalupe Chevez in the United States District Court, Central District of California, Case No.: 10-cr-01066-PSG. Guadalupe Chevez was ordered to pay restitution in the total amount of $922,032.22. Attached hereto as Exhibit "A" is the Judgment and Probation/Commitment Order for Guadalupe Chevez. Guadalupe Chevez was held jointly and severally liable with co-participants for the amount of restitution ordered in the judgment. Guadalupe Chevez made a restitution payment to REED SMITH in the amount of $36,867.50. On December 11, 2015, Reed Smith paid FEDERAL INSURANCE COMPANY $36,867.50, representing the amount it received per Guadalupe Chevez made a restitution payment.

A criminal restitution order was entered against Jerry Montanez Meza in the United States District Court, Central District of California, Case No.: 11-cr-00885-PSG. Jerry Meza was ordered to pay restitution to REED SMITH the "victim" in the total amount of $345,921.65. Attached hereto as Exhibit "B" is the Judgment and Probation/Commitment Order for Jerry Meza. Jerry Meza was held jointly and severally liable with co-participant, Guadalupe Chevez, for the amount of restitution ordered in the judgment.

Sergio Saldana pled guilty to the charges in criminal case styled *USA v. Sergio Saldana*, United States District Court, Central District of California, Case No.: 10-cr-01291-PSG. Sergio Saldana's Plea Agreement required him to pay restitution in the amount of $11,768.90 to "victim law firm R.S." Attached as Exhibit "C" is Sergio Saldana's Plea Agreement. Sergio Saldana's probation was terminated in 2013. Sergio Saldana paid his restitution to REED SMITH in full in the amount of $11,768.90.

REED SMITH hereby conveys and assigns to FEDERAL INSURANCE COMPANY all of its rights, title and interest in any payments made by Guadalupe Chevez, Jerry Meza and Sergio Saldana arising out of or related to the Judgment and Probation/Commitment Orders.

REED SMITH HEREBY ACKNOWLEDGES that it has assigned all right, title and interest in the Judgment and Probation/Commitment Orders to FEDERAL INSURANCE COMPANY, located at 15 Mountain View Road, P. O. Box 1616, Warren, New Jersey 07059, and may be reached through its counsel David J. Billings, Esq. and the law offices of Anderson, McPharlin & Conners LLP, 707 Wilshire Boulevard, Suite 4000, Los Angeles, California 90017, (213) 688-0080.

DATED: *March 28*, 2016               Reed Smith LLP

                                      By *[signature]*

1412610.1                              2

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _San Francisco_

On _March 28, 2016_ before me, _Theresa B Menchini, Notary Public_,
(Here insert name and title of the officer)

personally appeared _Jon Pingree_
Name of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

THERESA B. MENCHINI
Commission # 2144507
Notary Public - California
San Francisco County
My Comm. Expires Mar 27, 2020

(Notary Seal)

US_ACTIVE-126270227.1-TMENCHINI 3/28/16 3:27 PM

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 707 Wilshire Boulevard, Suite 4000, Los Angeles, California 90017-3623.

On April 11, 2016, I served the following document(s) described as **ACKNOWLEDGMENT OF ASSIGNMENT OF ABSTRACT OF JUDGMENT AND ORDER FOR RESTITUTION** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Stephen G. Rodriguez, Esq.<br>Law Office of Stephen G. Rodriguez<br>633 W. Fifth Street, 26th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 223-2173<br>Facsimile: (213) 223-2174 | Attorneys for Defendant Guadalupe Chevez |
| Kenneth H. Lewis, Esq.<br>Law Offices of Kenneth H. Lewis<br>633 W. Fifth Street, 26th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 624-4904<br>Facsimile: (213) 623-7301 | Co-Counsel for Defendant Guadalupe Chevez |
| Monica Diggs Mange<br>Assistant United States Attorney<br>US Attorneys' Office<br>Criminal Div.—U.S. Courthouse<br>312 N. Spring St., 11th Floor<br>Los Angeles, CA 90012<br>Telephone: (213) 894-6529 | Attorneys for Plaintiff USA |

**BY MAIL:** I am "readily familiar" with Anderson, McPharlin & Conners' practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on April 11, 2016, at Los Angeles, California.

_____
Irma L. Raygoza